**Petro PETRENKO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71649.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided June 14, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Cindy S. Ferrier, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, Circuit Judges, and RESTANI,** Judge.

### MEMORANDUM ***

Petro Petrenko, native of Uzbekistan and citizen of the Ukraine, petitions for review of the Board of Immigration Appeals's decision affirming, without opinion, an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's asylum eligibility determination for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

Petrenko alleged that he suffered past persecution in Ukraine and Uzbekistan on account of his Jewish identity. Substantial evidence supports the IJ's determination that the incidents of discrimination described by Petrenko did not amount to persecution. *See Halaim v.*

*INS*, 358 F.3d 1128, 1132 (9th Cir.2004) (discrimination and harassment do not constitute persecution).

Substantial evidence also supports the IJ's decision that Petrenko did not establish the existence of a "pattern or practice" of persecution of Jews in Ukraine such that he could be eligible for withholding of removal without any showing of individualized harm. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A)-(B); *see also Padash v. INS*, 358 F.3d 1161, 1166 (9th Cir.2004).

Because Petrenko failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Petrenko's remaining contentions are unpersuasive. Moreover, Petrenko conceded at oral argument that all claims regarding Uzbekistan are foreclosed by his resettlement in Ukraine.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), the petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.